UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF COLORADO

IN RE:

BRENT HERBERT FORD
ELIZABETH MARIA FORD

    DEBTOR(s).

CHAPTER 13
CASE:  14-25878-SBB

CORRECTED
OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN

    The Standing Chapter 13 Trustee hereby files her Objection to Confirmation of Chapter 13 Plan and as grounds therefore states as follows:

    1.    The Trustee submits that Debtors' disposable income shows that Debtors plan should provide for class 4 claims to be paid 100% of their claim.  In reaching this conclusion, the Trustee submits that the following entries on Debtors' Form 22C-1 and Form 22C-2 should be adjusted as follows:

Form 22C-2, Line 13b is $188.15 and should be copied correctly in the next line to the right.
Form 22C-2, Line 16 is incapable of being determined unless Debtors provide the Trustee with copies of their most recent income tax returns.
Form 22C-2, Line 33b should be $188.15.

    2.    Debtors' plan is not feasible.  11 U.S.C. § 1325(a)(6).  Community Banks of Colorado filed an objection to Debtors' § 506 motion.  The response date for Debtors' new § 506 motion does not run until June 17, 2015.

    3.    Debtors' plan is incapable of being administered.  Debtors' plan provides for the arrears owed of Pitkin Co P. Trustee and Pitkin Co Treasurer on their secured claims to be paid through the plan.  Also, the plan provides for regular payments to be made directly to creditor through the plan.  However, the plan fails to identify how much is to be paid and when the payments are to be made.  Additionally, the plan is not funded for any additional payments.

    4.    Debtor's plan unfairly discriminates against unsecured creditors.  11 U.S.C. §§ 1321(b)(2), 1325(a)(1).  Debtors' plan provides for the claim of Wells Fargo Bank, NA to be paid as a secured claim based on the debt being partially secured by Debtors' 2008 Toyota Prius.  Claim No. 5-1 shows that the debt Debtors owe Wells Fargo Finance is a general unsecured debt and not a secured claim.

5. Debtors' plan fails to provide for the secured claim of Mountain Vista Condominium Association (listed as a priority claim on schedule E). 11 U.S.C. § 1325(a)(5).

6. The Trustee reserves the right to report on the Debtor(s) payment history at the hearing on her Objection.

WHEREFORE, the Standing Chapter 13 Trustee requests that the Court deny confirmation in the above-captioned matter and dismiss or convert the proceeding pursuant to 11 U.S.C. Section 1307.

June 8, 2015

Respectfully submitted,

/s/  William R. Lambert
William R. Lambert #18882
Attorney for Chapter 13 Trustee
P.O. Box 1169
Denver, CO 80201
(303) 830-1971
(303) 830-1973 Fax

CERTIFICATE OF MAILING

I hereby certify that a true and correct copy of the above Objection to Confirmation of Chapter 13 Plan was placed in the U.S. Mail, postage prepaid, on  June 8, 2015  addressed as follows:

Brent Herbert Ford and Elizabeth Maria Ford
75 Aspen Village
Aspen, CO  81611

Michael Joseph Duran
111 Aspen Airport Business Center
Ste. R
Aspen, CO  81611

/s/    William R. Lambert
Chapter 13 Trustee Staff Member